## THE STATE OF TEXAS v. ANDREWS & BRAY.

### No. 3233.

1.   **Retail Liquor Dealer's Bond — Open House.** — An open house as required to be kept by a licensed retail liquor dealer's bond is "one in which no screen or other device is used or placed either inside or outside of such place of business for the purpose of or that will obstruct the view through the open door or place of entrance into any such house or place where intoxicating liquors are sold in less quantities than a quart."     Sayles' Civ. Stats., art. 3226a.

2.   **Fact Case.**—See facts held insufficient to base a judgment upon the bond for a failure by a saloon keeper to keep an open house.

APPEAL from Hunt.     Tried below before Hon. J. E. GILBERT, Special District Judge.

The opinion states the case.

*A. R. Cushman, T. D. Montrose,* and *Grubbs & Hefner,* for appellant.
1.   The erection and maintenance of any obstruction, however slight it

may be, constitutes a violation of the condition of the bond and renders the party liable for the penalty prescribed. Rev. Stats., art. 3226a; Moore v. City of Indianapolis; 29 Cent. Law Jour., No. 24, and authorities cited; Goldsticker v. Ford, 62 Texas, 385.

2. The object of the statute requiring an open house and prohibiting screens was to prevent the possibility of concealment by those accustomed to drinking intoxicating liquors, and also to prevent saloon keepers from violating with impunity the laws regulating the sale of liquors, and any character of screen or obstruction which serves to conceal these acts from the public constitutes a violation of the conditions of the bond.

No brief for appellees reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought in the name of the State of Texas to recover of appellees, as obligors upon a retail liquor dealer's bond, a penalty of $500 for an alleged failure to keep an open house as required by the Act of March 4, 1887. 2 Sayles' Civ. Stats., art. 3226a, sec. 4. There having been a judgment for the defendants, the case is brought here upon the findings of fact and conclusions of law filed by the trial judge. It is claimed in effect that upon the facts found by the judge the judgment should have been for the State.

The law took effect July 4, 1887. It appears from the conclusions of fact that just previous to that time the defendants, Andrews & Bray, were in possession as lessees of the room in which they subsequently carried on their business as liquor dealers. It was a room upon the ground floor of a storehouse which fronted east on the public square in the city of Greenville. The west wall ran along a street which was ordinarily as much used as the public square. The room had a double door in front at the northwest corner, and also a side door in the west wall near the rear end. Before the law went into effect, and before the defendants, Andrews & Bray, had any actual knowledge of its passage, they agreed to sublet a portion of the room, and for that purpose ran partition walls so as to inclose a space in the northeast portion fifteen feet in width by forty feet in length. This room fronted on the public square. The double door, about five feet in width, opened into the space between the west partition and the west wall and served as an entrance into the main room. After the partition was made they offered the tenant the choice of the two rooms. He selected the smaller one, and in it set up and carried on a confectionery and ice cream business. They set up their bar in the rear room on the west side and in front of their front entrance. Persons drinking at the bar were in full view from the front door. The bar was also visible from the door which

opened upon the side street. The position of the bar in reference to the partition and the doors is shown upon the following diagram of the lower floor of the building:

The court also found that the object of Andrews & Bray in subletting the smaller room was not to obstruct the view of their bar, but to reduce their rent. It was also found that the view of the bar from the front door was not in fact obstructed.

One of the conditions of a retail liquor dealer's bond is that he will keep "an open house." An open house is defined in the statute to be "one in which no screen or other device is used or placed, either inside or outside of such place of business, for the purpose of or that will obstruct the view through the open door or place of entrance into any such house or place where intoxicating liquors are sold in quantities of less than a quart." 2 Sayles' Civ. Stats., art. 3226a, sec. 4.

We are of the opinion that upon the facts as found the court did not err in holding that there had been no breach of the bond.

The judgment is affirmed.

*Affirmed.*

Delivered October 30, 1891.